[Civ. No. 851.   First Appellate District.—February 16, 1911.]

# VULCAN IRON WORKS, a Corporation, Respondent, v. MORTON L. COOK, Appellant.

CONTRACT TO FURNISH IRON AND STEEL FOR BUILDING—CONSTRUCTION—
    MATURITY OF PAYMENTS—LOCAL CUSTOM FOR MONTHLY PAYMENTS.
    A contract to furnish the iron and steel for a six-story and base-
    ment building in San Francisco, where the general custom is for
    monthly payments, which provides for $75 per ton for cast-iron and
    $85 per ton for steel, ninety per cent of which was to be paid for
    the work at delivery, and the balance thirty-five days after the
    completion of the work, "Provided, that when each payment or
    installment shall become due, and at the final completion of the
    work, certificates in writing shall be obtained from said architect,
    stating that the payment or installment is due or work completed as
    the case may be, and the amount then due," is to be construed as pro-
    viding for payment in installments, the period for the installment
    to be left probably to the general custom.

ID. — REMOVAL OF AMBIGUITY — CONTEMPORANEOUS CONSTRUCTION BY
    PARTIES—MONTHLY PAYMENTS.—Any possible doubt or ambiguity
    in the contract as to when payments were due was settled by the
    contemporaneous acts and conduct of the parties in following the
    usual custom as to monthly payments, and during a period of sev-
    eral months certificates were issued by the architect and payments
    made by the defendant.

ID.—ACTION FOR BREACH OF CONTRACT—RECOVERY OF UNPAID INSTALL-
    MENTS—CROSS-COMPLAINT FOR DAMAGES—SUPPORT OF FINDING.—
    In an action by the contractor to recover monthly installments
    which the defendant left unpaid in breach of the contract, wherein
    the defendant claimed by way of cross-complaint damages for
    increased price of iron and steel in the market and for rental value
    of the building during delay in completion, through the fault of
    the plaintiff, the finding by the court, which is amply sustained
    by the evidence, that the stoppage of the work was owing to de-
    fendant's failure to make payments when due is a complete and

sufficient answer to defendant's position in the cross-complaint. Under such finding, the delay in the work was not the fault of plaintiff.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Heller, Powers & Ehrman, for Appellant.

Alex. G. Eells, and H. K. Eells, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment in favor of the plaintiff and against the defendant for goods sold and delivered.

The action arose out of a contract entered into by the parties, whereby the plaintiff agreed to furnish and erect all the cast-iron columns and bases and steel beam girders for the interior and other parts of a six-story and basement brick building to be erected by the defendant on his property at the corner of Minna and Second streets in San Francisco.

Paragraph V of the contract provides that the defendant was to pay the plaintiff $75 per ton for the cast-iron, and $85 for the steel "at times and in the manner following, to wit, ninety per cent (90%) of the work at delivery and the balance thirty-five days after the entire completion of the work. Provided that when each payment or installment shall become due, and at the final completion of the work certificates in writing shall be obtained from said architect, stating that the payment or installment is due or work completed, as the case may be, and the amount then due; . . ."

Materials were delivered and set in place, according to the terms of the contract, for a period of three months and until two stories of the building were completed, when a dispute arose between the parties. At the expiration of the first month's work the estimate of plaintiff as to the amount due it from the defendant was approved by the architect and paid by the defendant. The second month's work was also approved and paid except for $207.64 of the amount claimed, and this arose from an error of the architect in withholding

fifteen per cent instead of ten per cent of the contract price of the material furnished. Subsequently a certificate was issued by the architect rectifying this error and also for the third month's work. Defendant failed to pay plaintiff either of these sums; and it is not seriously disputed, and could not be, that this is the reason plaintiff refused to proceed with the work.

The only real point urged in the case is as to when payments were due. Defendant in effect concedes that if payments were to be made as the work progressed, the usual custom in San Francisco is that they should be made monthly; but he contends that under the terms of the contract in this case the plaintiff was not entitled to receive any payment until all the materials provided for in the contract were delivered. In support of this contention defendant argues that the words of the contract above quoted, "ninety per cent (90%) of the work at delivery," mean that all of the materials were to be furnished before the plaintiff was entitled to ninety per cent of the amount due or to any payment. But we think, when the whole of paragraph V is read, that it is clear that the contract contemplated installments as the work progressed, the period of such installments to be left probably to the general custom. Indeed, the defendant himself testified that the ninety per cent clause was stipulated instead of the usual seventy-five per cent clause, in order to enable the plaintiff to finish the contract on time. However, any possible doubt or ambiguity in the contract as to when payments were due was settled by the contemporaneous acts and conduct of the parties, for the usual custom was followed, and during several months certificates were issued by the architect and payments made by the defendant.

Defendant asserts that the trial court erred in permitting certain certificates of the architect to be introduced in evidence because of the insufficiency of the bill of items as served on him by plaintiff. He has failed to point out wherein the bill is insufficient, and upon examination it is not apparent to us wherein the defect consists.

Defendant claimed, by way of cross-complaint, that he was entitled to damages by reason of the fact that he was compelled to pay in the market an increased price for iron and steel above the contract price, and also for the rental value

of the building during the time that, as he alleges, its completion was delayed through the default of plaintiff. The finding of the court (which is amply supported by the evidence) that the stoppage of the work was due to defendant's failure to make payments when due is a complete and sufficient answer to defendant's position on the cross-complaint. It is true there was considerable delay in the work, but this was not the fault of plaintiff.

The judgment and order appealed from are affirmed.

Hall, J., and Lennon, P. J., concurred.